J-S21005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROMAN VALDIMIR BAZHUTIN | |
| Appellant | No. 657 WDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008616-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 1, 2017**

Roman Bazhutin appeals from the judgment of sentence, entered in the Allegheny County Court of Common Pleas, following his conviction for one count of simple assault.[1] After review, we affirm.

The trial court aptly summarized the facts of this case as follows:

[On] March 24, 2015, Tracey Ondek was drinking at Kimmie's Bar in Castle Shannon. At approximately 5:30 p.m., Ondek left the bar with her friend, Christina Altmeyer, and the two went to Ondek's house. When the defendant arrived at Ondek's house, he agreed to drive Christina home. Upon returning to Ondek's house, the two began to fight and the Defendant grabbed Ondek around her neck and punched her in the face, causing a laceration to her nose and swelling to her lip. During the altercation, the Defendant called 911 to request police assistance

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(1).

because he was arguing with an intoxicated person, although he left before the police arrived. Ondek told Officer Kress of the Castle Shannon Police Department that the Defendant had grabbed and hit her and the Officer had Ondek write out a statement of what had happened. Officer Kress testified that although Ondek appeared to be intoxicated, she was not incapacitated and was capable of answering questions and talking about her injuries.

At trial, Ondek testified that she fell at Christina's house and the Defendant called the police because she fell. Upon further questioning, Ondek testified that she could not remember what had happened or what she had said to the police because she had an alcohol-induced black out. When Ondek persisted in stating that she could not remember, the Commonwealth played a recording of a jail call between the Defendant and Ondek on April 15, 2015, which stated, in part:

> **THE DEFENDANT**: You're going to have to fucking tell them that you are a drunk fucking retard and that you don't know what the . . . you can't tell them what happened. You fucking . . . you gotta tell them that fucking I didn't touch you.
>
> Do you realize how quick everything happened to me? Do you even fucking . . . don't even know what the fuck happened. It all happened within the fucking five minutes. We went up to the fucking house, you fell on your fucking face, we came fucking home, you started destroying the car, I called the fucking cops.
>
> That's what fucking happened. And then I fucking left after you got into my fucking car. That's what fucking happened, and that's what you tell them, that's what fucking happened. You tell them that you were fucking drunk, which you were. You were drinking all fucking goddamn day. Everything happened so goddamn quick you didn't realize that that's what happened. I don't . . . I can't fucking see them.
>
> See, the problem is . . . okay . . . they are not gonna fucking convict me on it . . . when it . . . hopefully, hopefully, hopefully, because you know what's gonna happen? That fucking . . . this new charge, if it doesn't get fucking dropped at Barton's, I have to sit

down here for six fucking months to wait for it to go in front of fucking McDaniels. The fucking . . . the judge we went in front of last time who fucking fucked me over. Wouldn't that be fucking grand. Go in front of her and you're gonna say ooohhh, I don't remember what happened again. You need to fucking tell them to fuck off. Do you understand that?

**MS. ONDEK**: Yeah, Roman. Do you want me . . .

**THE DEFENDANT**: When it comes to fucking court, I better not fucking hear anything else.

**MS. ONDEK**: Do you want me to get Jimmy or what?

**THE DEFENDANT**: I don't fucking know . . . You're fucking struggling for money, and I don't fucking have any. If you go to fucking court and you're fucking convincing enough . . . tell that you're fucking psychotic and a drunk fucking mess, I don't see a fucking reason to . . .

. . . Yeah, it's gonna make you look like a fucking retard, but, honey, it's time to get some fucking help.

[N.T. Trial, 2/29/2016, at 37-39.]

Trial Court Opinion, 11/30/16, at 2-3.

On March 1, 2016, Bazhutin was tried before a jury and convicted of simple assault. On April 6, 2016, the trial court sentenced Bazhutin to two years' probation. On May 6, 2016, Bazhutin timely filed an appeal. After receiving an extension of time, Bazhutin filed a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal on September 15, 2016.

On appeal, Bazhutin presents the following issue for our review:

Was the evidence sufficient to prove beyond a reasonable doubt that [Bazhutin] committed simple assault of his girlfriend

- 3 -

considering that she was highly intoxicated and angry at him when she accused him of hitting her, she later denied that he hit her, and she fell which likely caused her nose laceration?

Brief of Appellant, at 4.

In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier or fact could have found that each and every element of the crime charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000).

In order to convict an accused of simple assault, the Commonwealth is required to prove Bazhutin attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Ondek. 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. "To convict a defendant on a charge of simple assault, the Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012); *see* 18 Pa.C.S.A. § 2701. Circumstances which reasonably suggest that a defendant intended to cause injury are evidence of such intent. *See id. See Commonwealth v. Eckrote*, 12 A.3d 383, 386 (Pa. Super. 2010) ("[E]ntirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused the crime beyond a reasonable doubt.").

Ondek stated to Officer Kress that Bazhutin grabbed her by the neck and hit her in the face, causing swelling to her lip. She affirmed this statement in writing. Further, Officer Kress observed and photographed a welt on her neck and a laceration on her nose, injuries consistent with Ondek's verbal and written recitation of the facts. Officer Kress testified Ondek's state of inebriation did not prevent her from discussing her injuries. Viewed in the light most favorable to the Commonwealth, this evidence was sufficient to establish all of the requisite elements of the crime of simple assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2017